UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

LIBERTY MEDIA HOLDINGS, LLC

Plaintiff,

- against -

NEW YORK MEMBERS OF SWARM OF
NOVEMBER 6, 2010 TO JANUARY 31, 2011,
SHARING HASH FILE
AE340D0560129AFEE8D78CE07F2394C7B5
BC9C05; AND DOES 1 through 121,

Defendants.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/12/12_

**ORDER**

**11 Civ. 4100 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On June 3, 2011, plaintiff filed a complaint alleging violations for

copyright infringement, civil conspiracy, and negligence against Doe defendants 1

through 121.  On October 6, 2011, plaintiff submitted a motion seeking permission

to take early discovery for the limited purpose of identifying these Doe defendants.

Specifically, plaintiff seeks to subpoena Alltel Wireless, Charter Communications,

Clearwire Communications, Comcast Cable, Earthlink, Optimum Online, RCN

Telecom Services, Inc., Time Warner d/b/a Road Runner, and Verizon Internet

Services, in their capacity as Internet Service Providers (ISPs), to determine the

names and addresses of certain subscribers connected to certain IP addresses that

have been linked to infringements of plaintiff's copyright works.  Additionally, plaintiff seeks permission to then issue interrogatories to and depose the subscribers identified by these ISPs in order to determine whether the subscriber is the proper defendant in this action.

As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint, in order to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant.  These requests are allowed upon a showing of good cause.[1]  A five factor test has been developed for instances where courts are considering motions requesting early discovery to assist in the identification of certain defendants.[2]

Factor 1: The moving party should be able to establish a concrete showing of a prima facie claim of actionable harm.  Here, plaintiff has alleged a prima facie claim of copyright infringement under 17 U.S.C. § 106(1)(3).  Specifically, plaintiff claims that (1) it owns and has registered the copyrighted works at issue in this case; (2) the defendants reproduced and distributed those works without authorization; and (3) plaintiff was damaged by defendants' actions.

---

[1]      *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005).

[2]      *See Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

Accordingly, since plaintiff has alleged all the elements of copyright infringement in the complaint, its suit against defendants could withstand a motion to dismiss.

Factor 2: The moving party should be able to identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity. Here, given the facts shown, plaintiff has identified the missing party(s) with as much clarity as possible. Plaintiff has stated that these missing "Does" are persons or entities and that these person/entities have been observed and documented infringing on its copyrighted works. Thus, as real persons/entities, these Does can be sued in federal court.

Factor 3: The moving party should be able to establish that there are no other alternative means to obtain the subpoenaed information. Here, the only information plaintiff has regarding the defendants is his/her IP address and his/her cable ISP. Therefore, there are no other measures plaintiff could take to identify the defendant other than to obtain his/her identifying information from his/her ISP. Consequently, plaintiff must serve subpoenas on the above-identified ISPs to obtain the information it seeks.

Factor 4: The moving party should be able to establish a central need for the subpoenaed information. Here, without the identities of the Doe defendants, plaintiff will be unable to serve process and pursue litigation.

Accordingly, without said information plaintiff will likely find itself chasing unidentified alleged tortfeasors from ISP to ISP.

Factor 5: The moving party should be able to establish that plaintiff does not infringe on defendant's privacy rights. Here defendants are entitled to only a minimal amount of privacy. In many terms of service contracts, an internet cable subscriber is prohibited from transmitting or distributing any material in violation of any applicable law or regulation. Further, terms of service contracts generally state that the internet service provider has the right to disclose any information as necessary to satisfy any law or regulation. Accordingly, defendants have a diminished expectation of privacy.

Plaintiff's claim for civil conspiracy also satisfies this test as plaintiff claims (1) a corrupt agreement between two or more parties, (2) an overt act in furtherance of the agreement, (3) the parties' intentional participation in the furtherance of a plan or purpose, and (4) resulting damage or injury.

Additionally, plaintiff's negligence cause of action will withstand a motion to dismiss. It alleges defendants failed to secure their internet access, which by virtue of this unsecured access, allowed the use of their internet accounts to perform the complained of copying and sharing of plaintiff's copyrighted motion picture.

Thus, plaintiff has adequately satisfied the three-factor test for the claim raised in the complaint.  Furthermore, the scope of this order has been sufficiently tailored to achieve the reasonable and necessary purpose of idetifying the alleged offenders.  In sum, the Court hereby ORDERS THAT:

Each ISP shall have seven days after service of the subpoenas to notify the subscriber/s that their identity has been subpoenaed by Plaintiff.   Each subscriber whose identity has been subpoenaed shall have twenty-one calendar days from the date of such notice to object to the subpoena.  Thereafter, upon receipt of the subscriber's information from the ISP, the plaintiff may request permission from this Court as to any further discovery from those subscribers.

The Clerk of the Court is directed to close this motion [Docket No. 4].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      January 11, 2012
            New York, New York

5

## - Appearances -

**For Plaintiff:**

Vincent Savino Verdiramo
Verdiramo & Verdiramo, P.A.
3163 Kennedy Boulevard
Jersey City, NJ 07306
(201)-798-7082